# EXHIBIT 3-1

1 CIT CERT MAIL
1 CIT PCT 1
JURY DEMAND

Case 3:25-cv-02094-B   Document 1-3   Filed 08/06/25   Page 2 of 8   PageID 21

FILED
8/1/2025 8:18 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

CAUSE NO. DC-25-12503

| | | |
|---|---|---|
| GERSHOM FULLER AS NEXT FRIEND OF K.F. a minor | § | IN THE 298th JUDICIAL DISTRICT |
| Plaintiff, | § | |
| | § | |
| V. | § | COURT |
| POLARIS INDUSTRIES INC. dba POLARIS INC. and CT SPORTS Inc. dba CYCLE TOWN SOUTH JOINTLY AND SEVERALLY | § § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, GERSHOM FULLER AS NEXT FRIEND OF K.F., A MINOR, (Plaintiff herein), and files this Original Petition against POLARIS INDUSTRIES INC. dba POLARIS INC., and CT SPORTS dba CYCLE TOWN SOUTH (Defendants) herein, Plaintiff brings this lawsuit for cause of actions respectfully shown as follows:

I.

DISCOVERY CONTROL PLAN

1. Plaintiff requests a Level 2 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

II.

PARTIES

2. Plaintiff Gershom Fuller Next Friend of K.F.(herein Plaintiff ), Gershom Fuller is the Father of K.F a minor both resident in Lancaster, Dallas County, Texas.

3. Defendant POLARIS INC, aka POLARIS INDUSTRIES, INC, (hereinafter referred to as "POLARIS") is a Minnesota Corporation with its principal place of

Page 1

business in Medina, Minnesota. This Defendant is authorized to conduct business in the State of Texas and may be served with process through its **registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.**

4. Defendant CT SPORTS dba CYCLE TOWN SOUTH is a Texas Corporation (hereinafter referred to as "CYCLE TOWN SOUTH") and may be served with process through its **registered agent, Curtis White, 3509 Yucca Dr., Flower Mound, Texas 75028.**

III.

JURISDICTION AND VENUE

5. Plaintiffs seek damages within the jurisdictional limits of this Court.

6. This Court has personal and general jurisdiction over Defendants.

7. Venue is proper in Dallas County, Texas pursuant to Texas civil Practice & Remedies Code §15.002 because all or a substantial part of the events giving rise to the cause of action occurred here.

IV.

BACKGROUND

8. In year 2023, parents of K.F. purchased from Defendant CYCLE TOWN SOUTH , a Polaris RZR 200 Youth Recreation Off-Road Vehicle manufactured by Defendant POLARIS, [VIN: L6KHCB181PS004301]

9. On August 15,2023 K.F. a minors was driving her Polaris RZR 200 Youth Recreation Off-Road Vehicle on family property located in Dallas County.

10. While during steering mechanism fail causing the Polaris RZR 200 flip over causing injury to Plaintiff's K.F. left forearm and mental pain and anguish.

..                                                   V.

Page 2

CAUSE OF ACTION: DESIGN DEFECT

11. There was a design defect in the Polaris RZR 200 Youth Recreation Off-Road Vehicle at the time it left Polaris, Inc.'s possession. This design flaw leaves the Polaris RZR 200 Youth Recreation Off-Road Vehicle vulnerable to rollover accidents and or crashes .

12. The design defect rendered the Polaris RZR 200 Youth Recreation Off-Road Vehicle unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved.

13.There was a safer alternative design that in reasonable probability would have prevented or significantly reduced the risk of the injury without substantially impairing the product's utility. The alternative design was economically and technologically feasible at the time the product left Polaris Inc.'s control.

14. The Polaris RZR 200 Youth Recreation Off-Road Vehicle design defect was a producing cause of injuries suffered by Plaintiff K.F. .

VI.

CAUSE OF ACTION: MANUFACTURING DEFECT

15. There was a manufacturing defect in the Polaris RZR 200 Youth Recreation Off-Road Vehicle at the time it left Polaris Inc.'s possession. The Polaris RZR 200 Youth Recreation Off-Road Vehicle deviated in its construction or quality from its specifications in a manner that rendered it unreasonably dangerous.

16. The manufacturing defect rendered the Polaris RZR 200 Youth Recreation Off-Road Vehicle dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, and with the ordinary knowledge common to the community as to the product's characteristics.

17. The  Polaris RZR 200 Youth Recreation Off-Road Vehicle manufacturing

defect was a producing cause of the injuries suffered by K.F.; said injury being to K.F., Left Forearm and mental pain and anguish.

## VII.
## CAUSE OF ACTION: MARKETING DEFECT

18. The Polaris RZR 200 Youth Recreation Off-Road Vehicle had a marketing defect at the time it left Polaris Inc.'s possession.

19. Polaris Inc. knew or reasonably should have known of the product's dangers, but failed to give adequate instructions to avoid such dangers. This lack of warning and instructions rendered the product unreasonably dangerous.

20. The manufacturing defect rendered the Polaris RZR 200 Youth Recreation Off-Road Vehicle dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

21. The Polaris RZR 200 Youth Recreation Off-Road Vehicle marketing defect was a producing cause of Plaintiff K.F. Left Forearm Injury and mental pain and anguish.

## VIII.
## CAUSE OF ACTION: IMPLIED WARRANTY

22. Defendant Polaris breached an implied warranty with regard to the Polaris RZR 200 Youth Recreation Off-Road Vehicle.

23. The product was in fact not fit for their intended and advertised purposes.

24. Defendant's breach of implied warranty was a proximate cause of Plaintiff K.F. Left Forearm Injury and mental pain and anguish.

## IX.

## CAUSE OF ACTION: NEGLIGENCE [POLARIS]

25. Defendant Polaris was negligent in the design, manufacture and marketing of the Polaris RZR 200 Youth Recreation Off-Road Vehicle

26. As result of Defendant Polaris placement of the Polaris RZR 200 Youth Recreation Off-Road Vehicle into the market place the following duties of were implied from said placement;

1. The Polaris RZR 200 Youth Recreation Off-Road Vehicle was safe for use

2. The Polaris RZR 200 Youth Recreation Off-Road Vehicle was safe for Youth with safety designed features beyond those for an Adult.

27. Defendant Polaris Breach one or all of the reference duties was the proximate cause of injuries suffered by Plaintiff K.F..

## X
## CAUSE OF ACTION: NEGLIGENCE [CYCLE TOWN SOUTH]

28. Defendant CYCLE TOWN SOUTH] was negligent in marketing of the Polaris RZR 200 Youth Recreation Off-Road Vehicle

29. As result of Defendant Cycle Town South] placement of the Polaris RZR 200 Youth Recreation Off-Road Vehicle into the market place the following duties as at point of sale were implied from said placement;

1. The Polaris RZR 200 Youth Recreation Off-Road Vehicle was safe for use

2. The Polaris RZR 200 Youth Recreation Off-Road Vehicle was safe for Youth with safety designed features beyond those for an Adult

3. Communicating safety failure issue when known to the general public who purchased the Polaris RZR 200 Youth Recreation Off-Road Vehicle

30. . Defendant Polaris Breach one or all of the reference duties was the proximate cause of injuries suffered by Plaintiff K.F..

## XI.
## DAMAGES

31. Plaintiff F.M., seeks to recover a sum of money that would fairly and reasonably compensate her:

1. Injury to her Left Forearm

2. Disfigurement of her Left Forearm

3. Mental, Pain and Anguish associated with Injury to Left Forearm

4. Emotional Pain in connection with other results which could have attached based on the flipping over the Polaris RZR 200 Youth Recreation Off-Road Vehicle

## XII.
## DEMAND FOR JURY TRIAL

32. Plaintiff asserts their right to a trial by jury, under Texas Constitution 1, §15, and makes this demand for a jury trial in accordance with Texas Rules of Civil Procedure 216.

## XIII.
## REQUEST FOR ATTORNEY FEES

33. Plaintiff pleas for Attorney Fees

## PRAYER

Plaintiff prays for judgment against Defendants, jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted,

By:   */s/ William T. Hughey*
     William T. Hughey
     Email: Hugheylaw@sbcglobal.net
     Attorney for Defendant
     State Bar No. 10245500
     P.O.Box 2012
     Marshall, Texas  75671
     Ph.: 903-935-5550
     Fax: 866-823-7185