UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERSHOM FULLER as next friend of K.F., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2094-B |
| | § | |
| POLARIS INDUSTRIES, INC. d/b/a POLARIS INC., and CT SPORTS, INC. d/b/a CYCLE SOUTH TOWN, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (Doc. 6), filed by Plaintiff Gershom Fuller as next friend of K.F., a minor. The Court **DENIES** the Motion.

### I.

### BACKGROUND

Plaintiff Gershom Fuller filed this lawsuit in state court on behalf of minor K.F., alleging injuries due to defects in an off-road vehicle (the "vehicle") manufactured by Polaris Industries, Inc. ("Polaris"). Doc. 1-3, Pet. ¶¶ 8-10. K.F.'s parents purchased the vehicle from Defendant CT Sports, Inc. d/b/a Cycle Town South ("CT Sports") in 2023. *Id.* ¶ 8. As alleged, K.F. was injured in August 2023 while driving the vehicle, when the vehicle's steering mechanism failed. *Id.* ¶¶ 9-10. Fuller asserts various causes of action against Polaris, and a single cause of action for negligence against CT Sports. *See id.* at 3-5.

Fuller, and K.F., reside in and are citizens of Texas. *Id.* ¶ 2. Polaris is a Minnesota Corporation with its principal place of business in Minnesota. *Id.* ¶ 3. Accordingly, Polaris is a citizen

of Minnesota. *See* 28 U.S.C. 1332(c)(1) (A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). CT Sports is incorporated in Texas. Doc. 1-3, Pet. ¶ 4. Accordingly, CT Sports is a citizen of Texas. *See* § 1332(c)(1).

Polaris removed this action to federal court, arguing that complete diversity of citizenship exists because CT Sports was improperly joined and need not be considered for purposes of the Court's jurisdiction. Doc. 1, Notice Removal ¶ 3. Fuller filed his Motion to Remand shortly thereafter. *See generally* Doc. 6, Mot. Remand. Fuller claims that CT Sports is a properly joined party, thus the action lacks complete diversity and the Court lacks jurisdiction. *Id.* at 2. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted). Federal district courts possess original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). The "complete diversity" requirement demands that "all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted).

The burden falls on a removing defendant to establish jurisdiction, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). When a defendant removes an action to federal court on the basis of improper joinder, the burden is particularly heavy. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). To establish improper joinder, such that a court may disregard a particular defendant for citizenship purposes, the moving defendant has two options. The defendant must show (1) actual fraud in pleading jurisdictional facts, or (2) that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citations omitted). Under the second option, courts consider whether there is any "reasonable basis . . . to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood*, 385 F.3d at 573. This possibility of recovery "must be reasonable, not merely theoretical." *Harris v. New Werner Holding, Co. Inc.*, No. 308-CV-1750-L, 2009 WL 1211409, at *2 (N.D. Tex. May 1, 2009) (Lindsay, J.). Generally, a court's analysis under the second option is the same as that conducted under Federal Rule of Civil Procedure 12(b)(6). *Id.* A court "look[s] initially at the allegations of the complaint to determine whether [the plaintiff] states a claim under state law . . . ." *See id.* (citation omitted).

## III.

## ANALYSIS

Polaris contends that Fuller improperly joined CT Sports. Doc. 10, Resp. Mot. Remand, 2. In support, Polaris argues that there is no reasonable basis to predict that Fuller can recover against CT Sports, because the Texas Products Liability Act ("TPLA") immunizes CT Sports for the alleged harm. *Id.* at 7. In relevant part, the TPLA immunizes a "seller that did not manufacture a product"

from harm caused to a claimant by the product unless the seller meets certain exceptions. TEX. CIV. PRAC. & REM. CODE § 82.003(a). Among those exceptions, a seller is not immunized where it "participated in the design of the product," "altered or modified the product," "exercised substantial control over the content of [an inadequate] warning or instruction that accompanied the product," made false representations about the product, or knew of the product's defects at the time of sale. § 82.003(a)(1)-(2), (4)-(6). The TPLA defines seller as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." § 82.001(3).

Fuller does not address the TPLA or its application in his Motion to Remand or Petition. However, Fuller does appear to allege that CT Sports is a "seller" "engaged in the business of distributing or otherwise placing" Polaris products into the market. *See id.* (defining seller under the TPLA). Specifically, Fuller alleges that K.F.'s parents purchased the vehicle from CT Sports in 2023. Doc. 1-3, Pet. ¶ 8. Fuller then claims that CT Sports was "negligent in marketing" the vehicle, CT Sports "implied" from product placement that the vehicle was safe for use, and CT Sports did not communicate any safety failure issues then known to the public. *Id.* at 5. In its Motion to Remand, Fuller claims that CT Sports "is a major component of" Polaris's distribution network. Doc. 6, Mot. Remand, 2. Thus, based on the facts alleged by Fuller, CT Sports is plainly a "seller" under the TPLA, and—absent an applicable exception—the TPLA immunizes CT Sports from liability.

Because Fuller does not allege sufficient facts that would trigger an applicable exception, the Court finds that the TPLA bars Fuller's negligence claim against CT Sports and precludes recovery. Fuller does not allege or argue that CT Sports designed, altered, or controlled the vehicle. Nor does Fuller claim that CT Sports exercised significant control over the vehicle's accompanying warnings

or instructions, that CT Sports made any *express* misrepresentations about the vehicle, or that CT Sports was aware of any particular defects with the vehicle at the time of sale. Fuller's Motion to Remand attaches a "safety recall notice" that Polaris issued in December 2023, about potential defects with their products. *See generally* Doc. 6-1, Safety Recall Notice. This notice, not addressed to CT Sports, fails to save Fuller's argument. While this could suggest that CT Sports had a duty *moving forward* to inform customers of a known risk regarding the vehicle, because the notice was issued months after both the sale to K.F. and the accident, *see* Doc. 1-3, Pet. ¶ 9 (alleging that accident occurred in August 2023), the notice's mere existence does not show CT Sports knew of a risk "at the time the seller supplied the product." *See* § 82.003(6).

The TPLA bars Fuller's negligence claim against CT Sports, thus there is no "reasonable basis . . . to predict that [Fuller] might be able to recover against [CT Sports]." *See Smallwood*, 385 F.3d at 573. Accordingly, Polaris meets its burden to show that CT Sports was improperly joined, and the Court denies Fuller's Motion to Remand (Doc. 6).

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Fuller's Motion to Remand (Doc. 6). The Court also **DISMISSES without prejudice** Fuller's sole claim against CT Sports. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (holding that improperly joined, nondiverse parties should be dismissed for lack of jurisdiction).

SO ORDERED.

SIGNED: November 20, 2025.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE