UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERSHOM FULLER as next friend of K.F., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2094-B |
| | § | |
| POLARIS INDUSTRIES, INC. d/b/a POLARIS INC., and CT SPORTS, INC. d/b/a CYCLE SOUTH TOWN, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Polaris Industries, Inc. ("Polaris")'s Motion to Dismiss (Doc. 17).[1] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.

## BACKGROUND

This is a product liability suit. Plaintiff Gershom Fuller contends that K.F., a minor, sustained injuries due to defects in a Polaris-made off-road vehicle.

As alleged, K.F. was driving a 2023 Polaris RZR 200 Youth Recreation Off-Road Vehicle when its steering mechanism failed. Doc. 16, Am. Compl. ¶¶ 7-8. This caused the vehicle to flip over, and K.F. sustained various injuries. *Id.* ¶ 8. Several months after the accident, Polaris issued a safety recall notice (the "Notice") on certain Model Year 2021-2024 Polaris RZR 200s. *See id.* ¶¶ 9-10; Doc. 9-2, Pl.'s Resp. First Mot. Dismiss, Am. Compl. Ex. A (hereinafter cited as "Safety Recall

---

[1] Polaris notes that, while the case caption identifies it as "Polaris Industries, Inc. d/b/a Polaris Inc.," "Polaris, Inc." is not Polaris's alias—it is Polaris's separate parent company. *See* Doc. 17, Mot. Br., 1 n.1.

Notice"). According to the Notice, Polaris had discovered a potential "steering rack" defect, which could result in "a loss of vehicle steering control" during operation. Doc. 9-2, Safety Recall Notice.

In August 2025, Fuller brought the present action. In his Amended Complaint, Fuller asserts claims against Polaris for design defect, manufacturing defect, implied warranty, and negligence. Doc. 16, Am. Compl. ¶¶ 11-25.[2]

In December 2025, Polaris filed its Motion to Dismiss the Amended Complaint. Invoking Federal Rule of Civil Procedure 12(b)(6), Polaris contends that each claim should be dismissed for failure to state a claim. *See* Doc. 17, Mot. Dismiss, 1.

The Court considers the Motion below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Nevertheless, in considering whether the plaintiff has stated a claim, courts "must accept all factual allegations in the complaint as true" and "draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted).

---

[2] Fuller also asserted a negligence claim against CT Sports, Inc., which the Court dismissed *sua sponte* when it accepted Fuller's Amended Complaint. *See* Doc. 15, Mem. Op. & Order, 2 n.1 (noting that CT Sports was improperly joined and the Court lacked jurisdiction).

## III.

## ANALYSIS

The Court analyzes each of Fuller's claims in turn. Finding that Fuller fails to state sufficient facts to maintain claims for design defect or implied warranty, the Court dismisses those claims. Fuller states plausible claims for manufacturing defect and negligence.

A.  *Fuller Does Not Allege Sufficient Facts to Support a Plausible Design Defect Claim.*

To state a claim for design defect under Texas law, a plaintiff must plausibly allege facts that "(1) the product was defectively designed so as to render it unreasonably dangerous, (2) a safer alternative design existed, and (3) the defect was a producing cause of the plaintiff's injuries." *Carpenter v. Bos. Sci. Corp.*, No. 3:18-CV-02338-L, 2019 WL 3322091, at *6 (N.D. Tex. July 24, 2019) (Lindsay, J.) (quoting *Garrick v. Autoliv ASP, Inc.*, No. 14-17-00818-CV, 2018 WL 3385159, at *4 (Tex. App.—Houston [14th Dist.] July 12, 2018, pet. denied)); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Texas codified the safer-alternative-design factor in 1993, making it "an essential element of a design defect claim." *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 530 (5th Cir. 2001) (Dennis, J., dissenting) (other citations omitted) (citing Tex. Civ. Prac. & Rem. Code § 82.005); *see Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006) ("A design defect claim requires proof and a jury finding of a safer alternative design." (citation omitted)). At the motion to dismiss stage, "it is not enough [for the plaintiff] to state in conclusory fashion that an alternative design is available." *Villarreal v. Navistar, Inc.*, No. 3:20-CV-02980-X, 2021 WL 1894700, at *2 (N.D. Tex. May 11, 2021) (Starr, J.). The plaintiff must identify an alternative design that would have been "economically and scientifically feasible." *Id.* at *1 (citation omitted).

Fuller falls short of the mark. While he alleges that "[t]here was a safer alternative design" and that it was "economically and technologically feasible," Fuller never actually identifies any design or describes what it would entail. *See* Doc. 16, Am. Compl. ¶ 13. This is the exact bare "recital[] of the elements of a cause of action" that *Ashcroft* proscribes. *See* 556 U.S. at 678. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Fuller's design defect claim.

B.   *Fuller Alleges Sufficient Facts to Support a Plausible Manufacturing Defect Claim.*

Under Texas law, "[a] manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "The inference of defect may not be drawn . . . from the mere fact of a product-related accident." *Id.* at 602 (citation omitted). However, "[c]ourts have generally held that manufacturers' recall letters . . . help establish the existence of a defect at the time the [product] left the manufacturer's or seller's control, if there is otherwise independent evidence of the existence of the defect in the specific [product] in question." *Parsons v. Ford Motor Co.*, 85 S.W.3d 323, 331 (Tex. App.—Austin 2002, pet. denied) (collecting cases).

As an attachment to his Amended Complaint, Fuller filed Polaris's Notice, in which Polaris acknowledged that certain Model Year 2021-2024 Polaris RZR 200s could have a "steering rack failure" resulting in "a loss of vehicle steering control" during operation. Doc. 9-2, Safety Recall Notice, 1. The Notice, coupled with Fuller's allegation that K.F. crashed because the vehicle's steering mechanism failed, *see* Doc. 16, Am. Compl. ¶¶ 6-8, suggests both the existence of a manufacturing defect (a steering rack "failure") and that this defect was present in the vehicle at the

time of K.F.'s accident. Accordingly, the Court, taking all inferences in Fuller's favor, finds that Fuller plausibly pleaded a manufacturing defect claim.

C.  *Fuller Alleges Sufficient Facts to Support a Plausible Negligence Claim.*

"To recover on a negligence claim arising out of an allegedly defective product, a plaintiff must [allege]: (1) the defendant failed to exercise ordinary care in the design, manufacturing, or marketing of the product; and (2) the defendant's breach proximately caused the alleged injuries." *Roe v. Ferrer Poirot Wansbrough Feller Daniel & Abney*, No. 14-22-00544-CV, 2023 WL 5030720, at *5 n.1 (Tex. App.—Houston [14th Dist.] Aug. 8, 2023, pet. denied) (citing *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871, 872 (Tex. 1978)). Fuller alleges that Polaris owed duties to ensure that the vehicle was (1) safe for general use and (2) safe for youth use. Doc. 16, Am. Compl., 5. And the Notice indicates that the vehicle may have had a defective steering rack. Doc. 9-2, Safety Recall Notice, 1. Fuller further alleges that K.F.'s injuries are due directly to the vehicle's sudden steering mechanism failure. Doc. 16, Am. Compl. ¶¶ 7-8. Taking all reasonable inferences in Fuller's favor, the Court finds that Fuller plausibly pleaded a negligence claim.

Fuller is not required at this stage to prove a specific act of negligence where it is "impossible for [Fuller] to determine the actual sequence of events and [Polaris] has superior knowledge or access to information to determine the cause of the accident." *Parsons*, 85 S.W.3d at 332 (citations omitted). Instead, it is enough that (1) the character of the injury is such that it would not have occurred in the absence of negligence and (2) the vehicle was under the "sole management or control" of Polaris when the defect materialized and was not subsequently modified. *See id.* (citation omitted). Fuller pleaded sufficient allegations here to meet this burden. Newly manufactured off-road vehicles do not normally have steering mechanism failures in the absence of negligence. And there are no

allegations or facts before the Court that the vehicle was altered after leaving Polaris's possession and before the accident.

*D.  Fuller Does Not Allege Sufficient Facts to Support a Plausible Implied Warranty Claim.*

Texas law provides three forms of products liability warranty claims: "express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose." *Sipes v. Gen. Motors Corp.*, 946 S.W.2d 143, 157 (Tex. App.—Texarkana 1997, writ denied) (citing Tex. Bus. & Comm. Code §§ 2.313-15). Regardless of the form asserted, Texas law requires that any plaintiff asserting a warranty claim notify a seller of an alleged breach of warranty 'or be barred from any remedy.'" *Sanchez v. QuikTrip Corp.*, No. 3:18-CV-1337-B, 2019 WL 1380310, at *3 n.2 (N.D. Tex. Mar. 27, 2019) (Boyle, J.) (other citation omitted) (citing Tex. Bus. & Comm. Code § 2.607(c)(1)). This pre-suit notice is thus an "essential condition precedent" of any implied warranty claim. *Id.* (citing *Reed v. C.R. Bard, Inc.*, 2015 WL 11110600, at *5 (E.D. Tex. Mar. 30, 2015)); *see Harrison v. Medtronic, Inc.*, No. 22-10201, 2022 WL 17443711, at *4 (5th Cir. Dec. 6, 2022) (noting that "to recover on [a breach of implied warranty claim] a buyer must notify the seller within a reasonable time after he discovers or should have discovered any defect" (internal quotation marks and citation omitted)); *Ibarra v. Nat'l Constr. Rentals, Inc.*, 199 S.W.3d 32, 37-38 (Tex. App.—San Antonio 2006, no pet.) (affirming directed verdict against the plaintiff on breach of implied warranty of merchantability and fitness for particular purpose claims because the plaintiff "failed to provide presuit notice").

Regardless of which form of implied warranty claim Fuller intended to pursue (he does not specify), he fails to allege that he provided Polaris with any pre-suit notice, which is condition

precedent to any implied warranty claim. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Fuller's implied warranty claim.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Polaris's Motion to Dismiss. Fuller's claims for design defect and implied warranty are **DISMISSED WITHOUT PREJUDICE**. Fuller's claims for manufacturing defect and negligence will proceed.

If Fuller seeks to file a second amended complaint to address the deficiencies identified herein, he must do so within **14 days** of the date of this order.

**SO ORDERED**.

**SIGNED: April 14, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE